NATIONAL LABOR RELATIONS BOARD Union and National Labor Relations Board Professional Association, Petitioners

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 08–1229.

United States Court of Appeals, District of Columbia Circuit.

Feb. 17, 2009.

Before: GINSBURG, TATEL, and BROWN, Circuit Judges.

## JUDGMENT

This case was considered on the record from the Federal Labor Relations Authority and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review is denied.

The FLRA treats a filing as timely if received by the Authority or postmarked by U.S. mail on or before the due date. *See* 5 C.F.R. § 2429.21(b). Here the unions sent their filing using Federal Express and it was received one day late. The FLRA thus ignored the late-filed paper and ruled against the unions, finding many of their points waived or unsupported. The unions concede that their filing was late, and that the principal reason was that counsel misread the rule. Petrs.' Opening Br. 3. Nonetheless, they argue that the Authority abused its discretion in strictly applying its timely filing rule because their lateness should have been excused due to "extraordinary circumstances." 5 C.F.R. § 2429.23(b). This argument is unpersuasive.

The unions argue that three factors, taken together, create the "extraordinary circumstances" required for a waiver of the time limits. These are: (1) delays counsel had experienced using the U.S. mail because of anthrax-related security measures; (2) the fact that the filing was actually received on the earliest possible date that it would have been received had the unions used the U.S. mail; and (3) the fact that the Authority itself took three years to decide this matter on a motion for reconsideration. Of these, the only one relating to the "circumstances" of the filing is the first, as the lack of delay caused by the unions' lateness and the Authority's own foot-dragging after the fact create no extraordinary reason justifying the unions' failure to adhere to the rule in the first place. *See, e.g., Nat'l Treasury Employ-*

*ees Union,* 60 F.L.R.A. 226, 226 n. 1 (2004) (refusing to consider lack of delay caused by one day late courier filing as even presenting a claim of extraordinary circumstances).

We see no abuse of discretion in the Authority's rejection of the anthrax excuse as an "extraordinary circumstance." These fillings occurred years after the anthrax scare, this problem with the U.S. mail does not explain why counsel failed to deposit the filing with Federal Express at a time when it could have been delivered before the deadline or why a courier was not used, and counsel could have used both Federal Express *and* the mails to ensure both rapid delivery and timely filing under the rule.

Nor is there any merit to the unions' back-up argument that the Authority arbitrarily abandoned its prior practice of considering negotiability issues even absent arguments by the parties. As the Authority makes clear, it promulgated a new rule on this matter in 1998, *see Negotiability Proceedings,* 63 Fed.Reg. 66,405, 66,411 (Dec. 2, 1998) (codified at 5 C.F.R. § 2424.32(c)) (failure to raise or rebut arguments will be deemed a waiver), and it has consistently refused to consider arguments not raised by the parties since that time, *see, e.g., Nat'l Treasury Employees Union,* 60 F.L.R.A. 219, 222 (2004). Moreover, the Authority notes that the unions never raised this argument in the administrative proceeding, and by failing to contest this point, the unions compel us to agree with the Authority that the argument is therefore waived. *See* 5 U.S.C. § 7123(c) ("No objection that has not been urged before the Authority, or its designee, shall be considered by the court....").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.